**S. M. GRIFFIN, Appellant,**

v.

**Lillah Davis WALDEN et vir., Appellees.**

**No. 4538.**

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1966.

Rehearings Denied Dec. 1, 1966.

Bryan, Wilson, Olson & Stem, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellees.

## OPINION

WILSON, Justice.

Plaintiffs prayed for and obtained judgment cancelling and declaring of no further force an exclusive realty development contract on the alleged grounds that defendant had concealed facts concerning the sale price and his ability to make a sale of the land described in the contract.

The written agreement cancelled by the judgment, dated January 1962, recited plaintiffs were owners of about 63 acres which was to be surveyed and subdivided into one-acre lots. Plaintiffs agreed to construct a road on the tract and defendant agreed to build a bridge. Defendant was to construct necessary streets, which the owners agreed to dedicate, and he was granted the exclusive right for five years to develop and sell the land. Plaintiffs agreed "to convey said tracts to any purchaser designated" by defendant for $1000 cash per lot less abstract costs and closing expense. Defendant, it was agreed, should "be entitled to all of the purchase price for each tract over and above the $1000," and was to "be the sole judge of the sale price for each tract."

The petition averred that in May, 1965 defendant told plaintiffs he was unable to sell the land at a price which would allow plaintiffs to receive $1000 per lot, but that defendant himself would buy fifteen acres at $800 per acre, and would purchase another five acres for a total price of $2000; that plaintiffs orally agreed to that proposal; and that in reality defendant had previously contracted to sell the twenty acres for $1,550 per acre.

The jury answered issues submitted to the effect that in May defendant concealed that a contract had been signed by purchasers to buy the property at $1,550 per acre; that the concealment was with intent to defraud plaintiffs; that the reasonable value of labor and materials expended by defendant in developing the property was $1500, but plaintiffs had not "accepted the benefits" thereof. No allowance was made to him for these sums by the judgment.

Defendant's primary position is that the grounds pleaded and found by the jury did not authorize cancellation of the original contract and forfeiture of defendant's rights thereunder. The argument is that defendant was an independent contractor, not an agent of plaintiffs, and had no duty to inform the latter that he had procured a commitment from a purchaser to buy at $1,550 per acre.

In our opinion defendant's duty vel non and the legal consequences of his conduct does not turn on his status under the contract. It is unnecessary for us to decide his relationship. He induced plaintiffs to agree to take less than the $1000 per acre they were entitled to under the original contract by the admitted concealment of the terms of an agreement under which he was to make a secret profit. True, there was no limit to the secret profit he was authorized to effect under the original agreement, so long as plaintiffs were to receive $1000 per lot. The malfeasance, under the evidence and verdict, consisted in the prejudicial effect of the concealment on plaintiffs' rights. Assumption by defendant, as a result of the favorable circumstances which the agreement afforded him, of a position which conflicted with, and prejudiced the rights of plaintiffs in the subject matter of the contract authorized equitable termination or cancellation of the contract. 3 Am.Jur.2d, Agency, Sec. 48, p. 451; 2 C.J.S. Agency § 74c, p. 1157. This rule is not limited to contracts of agency, and defendant cites no authority to the contrary.

Defendant says it is undisputed plaintiffs had agreed two months before May, 1965 to accept $800 per lot, and this preceded the agreement of purchase at $1,550 per lot. Defendant did so testify, but this testimony is not undisputed. He testified: "Q. From the 21st of May, 1965, after you had a binding contract to sell that property for $1,550 an acre, did you represent to Mr.

C. B. Walden that if he didn't sell that property to you for $800 an acre you didn't see how it could ever be sold? A. I won't say that it's the exact same words as that, but it was the essence of that statement. Q. All right, you did make that statement to them didn't you? A. Something like that. Q. That you didn't know how that could ever be sold if he didn't let you buy it at $800 an acre, didn't you? A. Something to that effect. Q. And at that time you had a binding contract with Hunt at $1,550 didn't you? A. That's right."

We sustain appellant's point that abrogation of the contract by the judgment did not deprive him of the right to be reimbursed for expenditures made on labor and materials, and the judgment is modified so as to allow his recovery of $1500 therefor, as found by the jury.

Appellant's other points have been considered and are overruled. As modified, the judgment is affirmed. One-fourth of costs on appeal are taxed against appellees.