**The MICROMANIPULATOR CO., INC., a Nevada Corporation, Plaintiff-Appellant,**

v.

**Joseph N. BOUGH, an individual d/b/a Bouco Sales Associates, etc., Defendant-Appellee.**

No. 84-1968.

United States Court of Appeals, Fifth Circuit.

Dec. 30, 1985.

Richards, Harris & Medlock, Dallas, Tex., Fitch, Even, Tabin & Flannery, John F. Flannery, Chicago, Ill., for plaintiff-appellant.

Hubbard, Thurman, Turner & Tucker, L. Dan Tucker, Richard K. Cannon, Dallas, Tex., for defendant-appellee.

Before GARZA, POLITZ and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

The Micromanipulator Company, Inc. (Micromanipulator), appeals from a judgment in favor of defendants Bough Corp. and Joseph N. Bough, an individual doing business as Bouco Sales Associates (Bouco) and as MC Systems.

## I. FACTS

Micromanipulator manufactures probers, devices used to measure the performance of semiconductors. Bough Corp. is in the business of selling sophisticated electronic equipment. In 1980 these parties decided to do business together. They entered into a contract whereby Bough Corp. agreed to supply the sales force, and Micromanipulator, for its part, agreed to provide probers, sales literature, and customer lists and to make Bough Corp. its exclusive selling representative in Texas and Oklahoma.[1]

On April 12, 1982, Bough Corp. terminated its relationship with Micromanipulator, neglecting to give the thirty-day notice required by the 1980 contract. Micromanipulator claims that Bough Corp. actually ceased acting as Micromanipulator's representative long before April 12; that prior to December 1981 Bough Corp. began selling less expensive probers manufactured by MC Systems to Micromanipulator's customers. After April 12 Bough Corp. allegedly continued to use not only Micromani-

---

1. Bouco was also a signator of the sales representation contract.

pulator's customer lists but its copyrighted sales literature as well, pasting MC Systems' name over Micromanipulator's on two pages of a sales catalog and distributing the literature to MC Systems' customers.

Micromanipulator brought suit against the defendants alleging breach of contract, misappropriation of trade secrets, and infringements of copyright.[2] At the conclusion of Micromanipulator's presentation of its case to the bench, defendants moved to dismiss.[3] Only the copyright claim survived this motion; all other claims were dismissed.

Finding that the infringement was an "innocent" one, the district court awarded Micromanipulator only $250. At a subsequent hearing, the court awarded $2000 in attorney's fees, about $3500 short of the expenses Micromanipulator incurred in prosecuting its copyright claim.

Micromanipulator appeals from the district court's dismissal of its breach of contract claims and from the award of only $2000 in attorney's fees.[4] We vacate the dismissal and award of attorney's fees and remand for further proceedings.

## II. THE CONTRACT

### A.

In their motion to dismiss, defendants maintained that Micromanipulator had established neither an implied nor an express contractual duty by Bough Corp. to refrain

from selling MC Systems' products. The district court agreed, basing its conclusion upon a provision of the parties sales representation agreement which provided:

> It is to be clearly understood that [Bough Corp.] Technical Sales Representatives are only Sales Representatives and not agents or employees of the Micromanipulator Co., Inc. They will receive no monies for their expenses or for other things other than their commissions.

The court reasoned that Micromanipulator had inserted this provision to limit its liability for workmen's compensation and to third parties; to permit Micromanipulator to shed the burdens imposed by agency status while fully enjoying its benefits would be unjust. The court found, accordingly, that Micromanipulator could not predicate its right to recover on the existence of a fiduciary duty owed by agents to their principals.

■ In its analysis, the district court neglected to consider the nature and extent of Bough Corp.'s express contractual duties. The contract states: "Any changes made in the representative's employment or other factors which might affect the relationship between the Micromanipulator Co., Inc., the Representative and the customer must be reported to the Micromanipulator Co., Inc." We believe that this provision created a clear, unequivocal duty by Bough Corp. to inform Micromanipulator that it was selling or contemplating selling probers produced by MC Systems.[5]

---

**2.** Micromanipulator alleged two additional grounds of recovery which were dismissed with Micromanipulator's consent. On appeal Micromanipulator apparently has abandoned its claim for misappropriation of trade secrets choosing instead to rely on its contract with Bough Corp.

**3.** We treat this motion as a Rule 41(b) motion.

**4.** The $250 judgment on Micromanipulator's copyright claim is not an issue on appeal.

**5.** We do not reach the issue whether Bough Corp. owed Micromanipulator the duties owed by an agent to its principal or whether Bough Corp. labored under an implied duty of good faith. Were we to decide those issues we would

almost certainly decide them in favor of Micromanipulator.

The district court's finding that no fiduciary duty exists is based on its belief that Micromanipulator cannot have its cake and eat it too; that is, Micromanipulator cannot seek to limit its liability as a principal to third parties and still demand the courtesies owed by an agent to its principal. We observe, however, that courts are free to look behind the contract in determining liability to third parties, and more importantly, that the existence of a fiduciary duty between the parties does not seem to hinge on the principal's assumption of liability to others. As the Restatement (Second) of Agency 2d notes,

> "independent contractor" is a term which is antithetical to the word "servant," although not to the word "agent." In fact, most of the

## B.

■ Defendants also argued that they had no duty to refrain from using Micromanipulator's customer lists. The district court agreed. First, maintained the court, there was implicit in the contract no fiduciary duty or duty of good faith. Second, Bough Corp. did not violate the express terms of the contract which provided that "[a] list of names from inquiries, customers and other pertinent sales information shall not be disclosed to others without the written permission of the Micromanipulator Co., Inc., during the duration of this agreement and for a period of three years thereafter." The court reasoned:

> By the literal terms of this agreement I am not able to tell that Mr. Bough has violated any obligation placed upon him because there has been no showing that he disclosed this information to others. I think the argument of the plaintiff is that either by implication from this language or perhaps reading this language broadly to include within the meaning of the term "others" Mr. Bough's own company that the defendant has violated his obligation. I think that that is a strained meaning of that agreement, and I am unwilling to give it that construction.

We find that Bough Corp. revealed the identity of Micromanipulator's customers to "others" when it solicited orders from Micromanipulator's customers on behalf of MC Systems and subsequently disclosed to MC Systems the names of any purchasers. The fact that Mr. Bough owned Bough Corp. and also did business as MC Systems does not dissuade us from this position. We do not believe Micromanipulator should be required to have protected itself from disclosure of its customer information by inserting a stipulation in the contract prohibiting Bough Corp. from revealing Micromanipulator's customers to any entity owned or controlled by an individual also owning or controlling Bough Corp. "Others" clearly includes anyone not functioning in the capacity of Micromanipulator's sales representative.

## C.

■ The district court reasoned in the alternative that even if Bough Corp. violated a duty it owed to Micromanipulator, *Hadley v. Baxendale,* 9 Exch. 341 (1854), precluded Micromanipulator's recovery of lost profits. We disagree with the court's analysis. In a recent decision the Texas Supreme Court interpreted *Hadley v. Baxendale* as follows:

> Where two parties have made a contract which one of them has broken, the dam-

---

persons known as agents, that is brokers, factors, attorneys, collection agencies, and selling agencies are independent contractors [and] fall within the category of agents. They are fiduciaries; they owe to the principal the basic obligations of agency: loyalty and obedience.

Restatement (Second) of Agency § 14N (1958).

Texas case law, although scant, is in accord with the Restatement's position. In *Griffin v. Walden,* 410 S.W.2d 222 (Tex.Civ.App.—Waco 1966, writ ref'd n.r.e.), the court wrote:

"In our opinion defendant's duty vel non and the legal consequences of his conduct does not turn on his status under the contract [as an agent or merely as an exclusive sales representative].... Assumption by defendant, as a result of the favorable circumstances which the agreement afforded him, of a position which conflicted with, and prejudiced the rights of plaintiffs in the subject matter of the contract authorized [relief]."

*Id.* at 223. *See also English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983); *West v. Touchstone,*

620 S.W.2d 687, 690 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

In addition to owing "the basic obligations of agency" to Micromanipulator, Bough Corp. owed a duty of good faith and fair dealing under its contract. It is basic to contract law that contracts are unenforceable for lack of consideration. Long ago courts refused to enforce exclusive dealing contracts because there was no consideration given in return for a promise of exclusivity. The law's creative solution to this problem was the recognition of an implied duty of good faith: the promisee benefiting from the promise of exclusivity was charged with a duty to use its best efforts in promoting the interests of the promisor. *See, e.g., Wood v. Lady Duff-Gordon,* 222 N.Y.S. 88, 118 N.E. 214 (App.Div.1917). *See also Murmanill Corp. v. Simkins,* 251 F.2d 33, 35 (5th Cir. 1958) ("[W]here the consideration is a promise for a promise, if a contract fails to contain an express counter-promise, one will be implied.").

ages which the other party ought to receive in respect of such breach of contract should be fairly and reasonably considered either arising naturally, i.e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach.

*Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex.1981). Mr. Bough reasonably should have expected when he entered the 1980 contract with Micromanipulator that if he offered less expensive probers to Micromanipulator's customers, Micromanipulator would lose sales and thus profits. Lost profits, if proven, are therefore recoverable.

Finally, the district court argued that Micromanipulator failed to prove its damages. Because we cannot be entirely certain that the court's reasoning was unaffected by its other holdings, the issue of Micromanipulator's right to recover damages must be remanded in full.

### D.

Finding that lost profits were not recoverable and that damages were not proven, the district court did not consider the merits of Micromanipulator's claim that Bough breached its contract by not providing a thirty-day notice of termination. For the reasons discussed in the preceding section, we vacate the dismissal of this claim and remand on this issue as well.

### III. ATTORNEY'S FEES

The last issue on appeal is whether the district court abused its discretion in awarding $2,000 in attorney's fees, an amount less than half of the actual expenses incurred by Micromanipulator in prosecuting its copyright infringement claim.

Title 17 U.S.C. § 505 allows the trial court to award costs and attorney's fees to the party prevailing on a copyright claim.

Although attorney's fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely. *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir.1984).

In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), there are listed twelve factors which must be considered by a district court in awarding statutorily authorized attorney's fees:

(1) The time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee [for similar work in the community], (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

The district court acknowledged the existence of each of these twelve criteria in its order awarding attorney's fees. The award, however, appears to have been based on a single factor: the amount involved and the results obtained.

In *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 581 (5th Cir.1980) (quoting *Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1299–1300 (5th Cir.1977)), this court held that a district judge is required to " 'explain the findings and reasons upon which the award is based, including an indication of how each of the twelve factors in *Johnson* affected his decision.' " The judge, moreover, must pay "special heed" to four of the twelve factors: (1) the time and labor required, (5) the customary fee, (8) the amount involved and the results obtained, and (9) the experience, reputation, and ability of the attorneys. *Id.* at 583.

■. Although Micromanipulator's "results" are one of four primary factors to be considered, it is clear that the recovery of only nominal damages does not militate strongly in favor of a reduced award; for the four factors are to be considered in a framework which emphasizes the quality, nature, and extent of the services supplied and the customary fee more heavily than other *Johnson* factors. *Id. See also Copper Liquor Inc. v. Adolph Coors Co.*, 684 F.2d 1087 (5th Cir.1982) (district judge acted on "improper assumption" that he should deny attorney's fees in excess of damages).

We believe that the order as to attorney's fees does not articulate a sufficient basis for an award of only $2,000.

## IV.   CONCLUSION

WE VACATE the district court's judgment dismissing Micromanipulator's breach of contract claims and awarding attorney's fees and REMAND for proceedings not inconsistent with this opinion.