BROADCAST MUSIC, INC.

v.

XANTHAS, INC. d/b/a TAC Amusement Company, and John J. Elms, Jr.

Civ. A. No. 86–5045.

United States District Court, E.D. Louisiana.

Feb. 19, 1988.

See also 674 F.Supp. 553.

Jonathan Zavin, Marya Lenn Yee, Zavin, Sinnreich & Wasserman, New York City, Earl S. Eichin, Jr., O'Neill, Eichin & Miller, New Orleans, La., for plaintiff.

Valerie Oxner, New Orleans, La., for defendants.

ON AWARD OF ATTORNEYS' FEES

ROBERT F. COLLINS, District Judge.

Plaintiff, Broadcast Music, Inc. (BMI), has moved the Court for an award of attorneys' fees in the above captioned case. The action came on for trial before the Court on October 22, 1987 and in Findings of Facts and Conclusions of Law, the Court found defendant, Xanthas, Inc., liable for one hundred eighty-two (182) counts of copyright infringement. The Court also found that reasonable attorneys' fees and costs incurred by plaintiff should be borne

by defendant. The Court now makes the following Supplemental Findings of Fact and Conclusions of Law on this issue.

### Findings of Fact

1. 17 U.S.C. § 505 gives the Court discretion to allow full costs and attorney's fees to the prevailing party in a copyright infringement action. "Although attorney's fees [in a copyright infringement action] are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co., Inc. v. Bough,* 779 F.2d 255, 259 (5th Cir.1985), *citing Engel v. Teleprompter Corp.,* 732 F.2d 1238, 1241 (5th Cir.1984).

2. The criteria to be applied in determining the proper amount of fees to be awarded are articulated for this Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *Georgia Highway* has been applied to copyright infringement cases in this Circuit. *See Micromanipulator Co., Inc.,* 779 F.2d 255.

3. Under *Johnson,* there are twelve factors which must be considered by a court in awarding statutorily-authorized attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee [for similar work in the community]; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

### Time and Labor Required

4. Pursuant to the affidavit of Jonathan Zavin and the daily time work sheets attached thereto as Exhibit # 1, New York (lead) counsel and paralegals expended the following plaintiff's time and labor:

*Partners' time*
Jonathan Zavin—14.9 hours
Richard Wasserman—39.3 hours

*Associates' time*
Scott Martin—25.1 hours
Marya Lenn Yee—258.3 hours

*Paralegals' time*
Aaron Morrill—40.5 hours
George Scott—46 hours
Michelle Johnson—15 hours
Jaime Friedman—11 hours

5. Pursuant to the Zavin affidavit and the time sheets submitted thereto as Exhibit 2, plaintiff's New Orleans (local) counsel expended the following time:

Kantrow, Spaht, Weaver & Blitzer
Richard F. Zimmerman—.5 hour
Jonathan C. Benda—6.25 hours

O'Neil, Eichin, Miller & Breckinridge
Earl S. Eichin—21.25 hours
James R. Swanson—.5 hour

6. The Court finds that the hours billed by plaintiff's New York counsel and paralegals are somewhat excessive. The Court also finds that the sixty-seven (67) hours billed for one deposition are somewhat excessive.

7. The time and labor expended by plaintiff's New Orleans counsel are reasonable.

8. Because of the different responsibilities of plaintiff's New Orleans (local) counsel and plaintiff's New York (lead) counsel, work performed by local and lead counsel was not duplicative.

### Novelty and Difficulty of the Case

9. This case was not novel.

10. The copyright infringement area of the law is a specialized area of the law.

11. Defendants made this case more difficult than normal because of their failure to answer certain interrogatories and failure to stipulate to certain facts until the trial.

12. Defendants made this case more difficult than normal because of their unreasonable contention that they were innocent infringers of the Copyright Act.

*Requisite Skill*

13. Based upon counsels' work product, as shown by plaintiff's motion for summary judgment and supplemental memorandum, and based upon counsels' preparation and general ability before this Court at the July 31, 1987 hearing on damages, all counsel have shown the requisite skill to perform the legal service properly.

*Preclusion of Other Employment*

14. Plaintiff's counsel have not been precluded from other employment.

*Customary Fee*

15. The typical and customary fee for similar work in the New York community for Copyright Act infringement work for counsel and paralegals are:

Partners—$170.00 per hour
Associates—$110.00 per hour
Paralegals—$55.00 per hour

16. Plaintiff's New York counsel and paralegals' usual billing rates are:

Jonathan Zavin—$170 per hour
Richard Wasserman—$170.00 per hour
Scott Martin—$110.00 per hour
Mary Lenn Yee—$110.00 per hour
Aaron Morrill—$55.00 per hour
George Scott—$55.00 per hour
Michelle Johnson—$55.00 per hour

17. The typical and customary fee for local counsel work in the Copyright Act area in the New Orleans community is $135.00 per hour for partners and $75.00 per hour for associates.

18. Plaintiff's New Orleans counsel's usual billing rates are:

Earl Eichen—$135.00 per hour
Richard Zimmerman—$100.00 per hour
Jonathan Benda—$75.00 per hour
James Swanson—$70.00 per hour

19. The fees charged by plaintiff's New York counsel and paralegals and plaintiff's New Orleans counsel are all customary and reasonable.

*Fixed or Contingent Fees*

20. Plaintiff's retainer agreement with the New York counsel provides a minimum fixed amount for each step of the litigation. At this time, the minimum fixed amount chargeable for the prosecution of this action is $19,250.00 plus all local counsel fees.

21. Plaintiff's retainer agreement with the New York counsel allows the New York counsel to seek its award of fees based on the actual hourly billing rates for the time spent by lawyers and support personnel. However, the criterior for this Court is not what the parties agreed upon, but what fee is reasonable. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d at 718.

*Time Limitations Imposed*

22. There were no time limitations imposed.

*Amounts Involved and Results Obtained*

23. Based on this Court's finding that defendant was liable for one hundred eighty-two separate acts of copyright infringement, the Court could have awarded damages of $250.00 to $10,000.00 per infringement pursuant to 17 U.S.C. § 504(c). Therefore, the total award could have been as high as $1,820,000.00, instead of the $319,500.00 that was actually awarded.

24. Plaintiff seeks an award of attorneys' fees and costs in the amount of $62,386.83.

25. The amount of attorneys' fees and costs which are sought by plaintiff, if supported by the record, would not be unreasonable in light of the statutory damages assessed previously by this Court.

*Experience, Reputation, and Ability of Attorneys*

26. Plaintiff's lead counsel, Marya Lenn Yee, is a member in good standing of the courts of New York and the United States District Courts for the Southern and Eastern Districts of New York. She has also been granted permission for leave to practice *pro hac vice* before this Court.

27. Plaintiff's other lead counsel, Jonathan Zavin, Richard Wasserman, and Scott Martin, are members in good standing of the courts of New York and the United States District Courts for the Southern and Eastern Districts of New York.

28. The firm of Zavin, Sinnreich & Wasserman is known for its expertise in the

protection of intellectual properties and litigation of intellectual property cases.

29. Plaintiff's New Orleans counsel have varying degrees of experience. They have appeared frequently before this Court and are held in high esteem by members of this Bar in both their reputations and abilities.

*Undesirability of the Case*

30. This case did not present any undesirable elements.

*Nature and Length of Professional Relationship*

31. Plaintiff and its New York counsel have an ongoing professional relationship.

*Awards in Similar Cases*

32. Plaintiff has been routinely awarded attorneys' fees and costs in actions which it has prosecuted under the Copyright Act.

33. The amount of attorneys' fees and costs sought here by plaintiff is substantially higher than that awarded in other cases brought by plaintiff. Those other cases, however, are not similar because they did not progress to a trial on the merits. Additionally, this case involves one of the largest amounts of copyright infringements that has ever been prosecuted.

34. To the extent that these Findings of Fact also constitute Conclusions of Law, they are specifically adopted as both Findings of Fact and Conclusions of Law.

## Conclusions of Law

1. After considering all applicable law and relevant facts, the Court concludes that there should be a significant discount in the attorneys' fees for which plaintiff prays. This is based primarily on the findings that the case is not novel and some hours that were billed were more than necessary to accomplish the stated task. The Court will therefore reduce the requested amount by 20% and award $49,909.46 in attorneys' fees to plaintiff.

2. Plaintiff is therefore entitled to a reasonable attorneys' fees award of $49,909.46.

3. Plaintiff is entitled to its reasonable costs of $4,401.59.

4. Plaintiff is entitled to a total award of $54,311.05 for attorneys' fees and costs.