### STEVEN GREENBERG PHOTOGRAPHY, Plaintiff,

v.

### MATT GARRETT'S OF BROCKTON, INC., Matt Garrett's of New Bedford, Inc., Matt Garrett's of Leominster, Inc., Matt Garrett's of Salem, Inc., Matt Garrett's of Sudbury, Inc. and Matt Garrett's Management Company, Defendants.

Civ. A. No. 90–12506–T.

United States District Court, D. Massachusetts.

Dec. 15, 1992.

B. David Sandberg, North Pembroke, MA, for plaintiff.

Jonathan D. Yellin, Kaye, Fialkow, Richmond & Rothstein, Boston, MA, for Parsons, Friedmann, Stephan & Rose, Inc.

Irving L. Greenbaum, Greenbaum & Titlebaum, Framingham, MA, for Matt Garrett's of Brockton, Inc., Matt Garrett's of Salem, Inc., Matt Garrett's of Sudbury, Inc. and Matt Garrett's of New Bedford, Inc.

## MEMORANDUM

TAURO, Chief Judge.

Plaintiff, Steven Greenberg Photography, sues defendants, Matt Garrett's of Brockton, Inc., Matt Garrett's of New Bedford, Inc., Matt Garrett's of Leominster, Inc., Matt Garrett's of Salem, Inc., Matt Garrett's of Sudbury, Inc. and Matt Garrett's Management Company (hereinafter "Matt Garrett's") for copyright infringement under 17 U.S.C. § 501(a). On April 13, 1992, this court granted plaintiff's Motion For Partial Summary Judgment on the issue of liability. Plaintiff's Motion For Assessment Of Damages is presently before the court.

## I.

### Facts

In April, 1990, the advertising agency of Parsons, Friedmann, Stephan & Rose, Inc. ("PFSR")[1] engaged plaintiff, Steven Greenberg Photography, to provide photographic services in connection with the design of a menu for defendant, Matt Garrett's. Plain-

---

**1.** Plaintiff originally named Parsons, Friedmann, Stephan & Rose, Inc. as a defendant in this action, but dismissed the party without prejudice on August 31, 1992.

tiff submitted an estimate for these services to PFSR subject to a provision which stated: "Grant of any reproduction rights is conditioned on receipt of payment in full." PFSR accepted the proposal by means of a purchase order and plaintiff delivered the photographs on May 1, 1990. The next day, plaintiff submitted an invoice to PFSR which was never paid.

On October 25, 1990 plaintiff sent Matt Garrett's a letter indicating that money was owed to plaintiff for the photographs, and that Matt Garrett's continued use of the photographs violated plaintiff's proprietary rights. Upon receipt of this letter, Matt Garrett's contacted plaintiff who agreed that the photographs could remain on the menus while settlement discussions ensued. On November 5, 1990 negotiations broke down. Matt Garrett's replaced the menus with new menus four days later, on November 9, 1990.

## II.

### Analysis

### A. DAMAGES

1. *"Innocent Infringer" Argument*

■ Matt Garrett's argues that it should not be held liable for damages in that it was an "innocent infringer" within the meaning of 17 U.S.C. § 405(b). Section 405(b) reads in pertinent part as follows:

> (b) **Effect of Omission on Innocent Infringers.**—Any person who innocently infringes a copyright, in reliance upon an authorized copy or phonorecord from which the copyright notice has been omitted and which was publicly distributed by authority of the copyright holder *before the effective date of the Berne Convention Implementation Act of 1988 [March 1, 1989],* incurs no liability for actual or statutory damages under section 504 for any infringing acts committed before receiving actual notice that registration for the work has been made under section 408, if such per-

son proves that he or she was misled by the omission of notice. . . .

17 U.S.C. § 405(b) (emphasis added).

Matt Garrett's claims that it was an "innocent infringer" in that the photographs bore no copyright notice when PFSR delivered the menus to Matt Garrett's, nor did PFSR orally notify Matt Garrett's as to any copyright. For the following reasons, this court finds Matt Garrett's' "innocent infringer" argument unconvincing.

First, section 405(b) was amended on October 31, 1988 to restrict its application to distributions occurring prior to March 1, 1989. Congress enacted this amendment to conform American copyright law with the international Berne Convention of which the United States is a signator.[2] In this case, plaintiff delivered the photographs to PFSR in May 1990. Matt Garrett's, therefore, cannot rely on the defenses provided under § 405(b).

Second, the "innocent infringer" defense under § 405 only applies to *"authorized cop[ies]* . . . from which the copyright notice has been omitted and which [were] publicly distributed by authority of the copyright owner . . ."* § 405(b) (emphasis added). Section 405(c) emphasizes this distinction:

> (c) **Removal of Notice.**—Protection under this title is not affected by the removal, destruction, or obliteration of the notice, without the authorization of the copyright owner, from any publicly distributed copies or phonorecords.

17 U.S.C. § 405(c).

The pleadings indicate that when the photographs were delivered to PFSR, they were affixed with copyright notices. Plaintiff's Supplemental Complaint ¶ 11. PFSR then removed the copyright notices without plaintiff's authorization. Matt Garrett's was thus misled by the omission of notice from an *unauthorized* copy, and not from an *authorized* copy, as required under §§ 405(b) and 405(c). Accordingly, Matt Garrett's cannot validly assert an "innocent infringer" de-

**2.** Section 2 of the Berne Convention Implementation Act of 1988 provided that: "The amendments made by this act . . ., together with the law as it exists on the date of the enactment of this Act, satisfy the obligations of the United States in adhering to the Berne Convention and no further rights or interests shall be recognized or created for that purpose." Pub.L. 100–568, § 2, Oct. 31, 1988, 102 Stat. 2853.

fense. *See also Dolori Fabrics, Inc. v. Limited, Inc.*, 662 F.Supp. 1347 (S.D.N.Y.1987) (holding § 405(b) "innocent infringer" defense inapplicable where third party intentionally removed copyright notice and defendant relied on this omission).

### 2. *Amount of Damages*

■ Having established Matt Garrett's' liability, plaintiff seeks an award of his actual damages under 17 U.S.C. § 504(a)(1). "Actual damages" are not defined either in the Copyright Act or in the accompanying legislative reports. *Deltak, Inc. v. Advanced Sys., Inc.*, 767 F.2d 357, 361 (7th Cir.1985); 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.02 at 14–6 (1984). Where, as here, a plaintiff's damages are not easily ascertainable, courts often measure actual damages by applying the "value of the infringer's use" standard. *See e.g., Deltak, Inc.*, 767 F.2d at 360–61; *Sid & Marty Krofft Television Prod., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir.1977) (*"Krofft "*). The value of the infringer's use has been described as "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiff's work." *Krofft*, 562 F.2d at 1174. Here, plaintiff contracted with PFSR to sell the photographs for $2,667.00. This price, therefore, best reflects what a "willing buyer" would pay a "willing seller." Accordingly, plaintiff's request for "actual damages" is granted in the amount of $2,667.00.

### B. COSTS & ATTORNEY'S FEES

■ Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party ... [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Al-

though discretionary, the award of attorney's fees is "the rule rather than the exception and should be awarded routinely." *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir.1985); *In Design v. Lauren Knitwear Corp.*, 782 F.Supp. 824, 836 (S.D.N.Y. 1991). Attorney's fees are awarded in order to encourage the assertion of copyright claims and to deter infringement. *In Design*, 782 F.Supp. at 836. Attorney's fees are "particularly appropriate where plaintiff is a small business." [3] *Dolori Fabrics*, 662 F.Supp. at 1357 (quoting William F. Patry, *Latman's The Copyright Law* 292 (6th ed. 1986)). Furthermore, the defendant need not be an intentional infringer for the plaintiff to recover attorney's fees. *See e.g., In Design*, 782 F.Supp. at 836.[4]

For the foregoing reasons, plaintiff's request for costs in the amount of $170.00 and attorney's fees in the amount of $889.00[5] is hereby granted.

### III.

### *Conclusion*

Plaintiff will be awarded actual damages under 17 U.S.C. § 504(a)(1) in the amount of $2,667.00, and costs and attorney's fees under 17 U.S.C. § 505 in the amount of $170.00 and $889.00 respectively.

---

3. Plaintiff in this case is a sole proprietorship. Plaintiff's Complaint ¶ 1.

4. In *Dolori Fabrics*, 662 F.Supp. at 1357–58, the court, in its discretion under § 505, did not award attorney's fees against the unintentional infringer, even though the § 405(b) "innocent infringer" defense was held inapplicable where a third party had intentionally removed the copyright notice. Instead, the court there ordered that the deliberate infringer bear the entire bur-

den of the attorney's fees. Here, there is one defendant, an unintentional infringer. In the interest of encouraging copyright claims and deterring infringement, this court deems it appropriate to award attorney's fees against the single defendant, even though it is an unintentional infringer.

5. This amount is equal to one-third of plaintiff's actual damages.