Sheldon ENGEL, et al.,
Plaintiffs-Appellees,

v.

TELEPROMPTER CORPORATION, et al., Defendants-Appellants.

Nos. 83–1618, 83–1798
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 25, 1984.

*way Express Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980).

Farrow, Schildhause, Wilson & Rains, Lynne A. Armstrong, Thomas A. Seaton, Harold R. Farrow, Richard Calabria Moore, Oakland, Cal., for defendants-appellants.

W. Dean Hester, J. Malcolm Harris, El Paso, Tex., for plaintiffs-appellees.

Before TATE, GARWOOD and HIGGIN-BOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

We must decide whether defendants who appealed successfully from an adverse judgment may recover attorneys' fees from the ultimately unsuccessful plaintiffs, de-

spite defendants' failure to seek attorneys' fees in their pleadings before the district court and this court. We hold that a mandate of this court instructing the district court to dismiss the complaint did not divest the district court of authority to consider an award of attorneys' fees to the prevailing defendants.

## I

Minority shareholders in El Paso Cablevision, Inc. alleged in a lawsuit that the proposed purchase of the outstanding stock of Teleprompter Corporation by a third party would violate a subscription agreement between the plaintiffs and a Teleprompter subsidiary. In addition to injunctive relief, plaintiffs sought an award of attorneys' fees, as expressly provided for in their contract with Teleprompter. Defendant Teleprompter answered, urging that plaintiffs be denied any relief, but failing expressly to request an award of attorneys' fees in the event that it prevailed.

A non-jury trial resulted in judgment for the plaintiffs. The trial judge granted relief to the plaintiffs, and retained jurisdiction over the case for the purpose of awarding costs and attorneys' fees. Defendants appealed and we reversed, remanding the case to the district court with instructions to dismiss the complaint. *Engel v. Teleprompter Corp.*, 703 F.2d 127 (5th Cir.1983). Our mandate issued on June 3, 1983. Defendants notified the district court that as the prevailing parties they planned to seek an award of attorneys' fees, and filed an application for fees on July 21, 1983; supporting documentation and affidavits were filed between that date and August 10.

On August 4, the district judge entered a judgment dismissing the suit without mention of attorneys' fees. Defendants' motion to amend the judgment to include an

award of fees was denied, and defendants appeal.[1]

## II

We begin by noting the issues *not* raised in this case. First, defendants are not seeking to undermine the traditional "American rule" that each litigant bears the cost of his own attorney. Exceptions to this rule have always been recognized where a fee award is authorized either by statute or by private contract, and the contract between plaintiffs and Teleprompter explicitly provided that the prevailing party in any action brought to enforce that contract would be entitled to recover his attorneys' fees. The validity or interpretation of this contract provision has never been in dispute before either the district court or this court.

Second, the finer points of pre-trial pleading are not here at issue. Plaintiffs have conceded that Teleprompter's failure to plead for attorneys' fees in its original answer to plaintiffs' complaint does not bar Teleprompter from seeking an award of fees upon attaining prevailing party status. This concession is in accord with our traditional policy of not limiting the relief that may be awarded to that which is specifically sought in the pleadings. *See Equity Capital Co. v. Sponder*, 414 F.2d 317, 319 n. 1 (5th Cir.1969).

## III

Apparently, plaintiffs' argument is that Teleprompter waived its right to a fee award by failing to raise this issue before either the district court or this court prior to the issuance of our mandate. While defendants could not have been expected to seek or prove their attorneys' fees when the case was originally pending before the district court because they were not then the prevailing parties, in pursuing an appeal to this court defendants could have

---

1. The defendants also sought attorneys' fees as part of their award of costs. Court reporter's fees and copying costs were awarded to defendants, but attorneys' fees were denied. Defendants' appeal from this denial has been consolidated with their appeal from the denial of their motion for attorneys' fees, but in light of our resolution of the latter appeal, there is no need for us to consider whether attorneys' fees may appropriately be awarded as part of the costs of suit in a case such as this.

requested a reversal of the judgment and a remand for the purpose of awarding attorneys' fees and costs. They did not explicitly request such a remand. Nevertheless, a reversal such as that entered in this case automatically operates as a form of remand because the case is returned to the district court for entry of judgment. At that point, the district court is not limited to taking only those actions explicitly directed in our judgment and no others. Rather, the district court is obliged to carry out the instructions we have given, and should then be presumed to be free to take any other consistent actions. The district court is not preempted from acting on a matter neither raised before nor acted upon by this court. *See Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1938); *cf., Texaco, Inc. v. Federal Power Commission*, 337 F.2d 253 (10th Cir.1964) (Court of Appeals, instructed by Supreme Court to dismiss party's petition, could not take alternative, inconsistent course of transferring action).

■ Awarding attorneys' fees to the defendant is not inconsistent with our instruction to enter judgment for the defendant; to the contrary, the two actions are consistent. Where a statute or contractual provision authorizes a fee award, such an award becomes the rule rather than the exception, and should be awarded routinely as are costs of suit. We stress that no one disputes that the present contract authorizes a fee award under these circumstances.

Our inquiry is governed by Fed.R.Civ.P. 54(c), which provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This rule has been cited in the past to justify an award of attorneys' fees to a prevailing party who failed to plead for such an award, *Marston v. Red River Levee & Drainage District*, 464 F.Supp. 1228, 1232 (W.D.La.1979), *aff'd*, 632 F.2d 466 (5th Cir. 1980), and we conclude that the rule may be similarly applied in this case. *See generally* 10 C. Wright, A. Miller & M. Kane,

Federal Practice and Procedure §§ 2262, 2264 (1983).

We recognize that Rule 54(c) was written with prevailing plaintiffs in mind, and was primarily intended to alleviate the harsh rule that a meritorious plaintiff who pleaded for inappropriate relief would receive no relief at all. Nevertheless, the rule does grant relief to any "party," and we perceive no reason to limit its application to plaintiffs. Professor Moore agrees that "under appropriate circumstances, a defendant who has demonstrated that he is entitled to relief may be granted such relief even though his pleadings did not contain a counterclaim designated as such." 6 J. Moore, Federal Practice ¶ 54.60, at 1215. It strikes us as being the unusual case where a defendant will establish his right to some affirmative relief without asserting a counterclaim, but when that situation arises, the liberalizing intent underlying Rule 54(c) counsels that the appropriate relief should not ordinarily be denied.

We doubt that Rule 54(c) will apply frequently to a prevailing defendant who attempts to state no counterclaim because his concentration is upon denying the allegations of the complaint and advancing affirmative defenses, and it is unlikely that some right to affirmative relief will appear as a result of that process. Thus, the defendant is not in the position of one who has claimed an inappropriate form of relief, because he is not seeking relief at all, as that term is traditionally used. Professor Moore anticipated this nuance when he declared that "[t]he provisions of Rule 54(c) ... apply not only to *claimants for relief*, but to *defending parties* as well." J. Moore, *supra*, ¶ 54.62, at 1271 (emphasis added). *See Metropolitan Casualty Ins. Co. of N.Y. v. Friedley*, 79 F.Supp. 978, 982 (N.D.Iowa 1948) (defendant in declaratory judgment action to settle rights under insurance policy was granted reformation of the policy though defendant had not sought any affirmative relief).

■ Reading Rule 54(c) in a manner congruent with the rules of civil procedure, as we must, with their focus upon stated

claims and counterclaims, we find that the rule is not open-ended but enjoys only a limited, if important, role. First, entry of a judgment in favor of a defendant will not itself often establish a right to relief, apart from counsel fees and costs. Second, a party's failure to seek a form of permissible relief in his pleadings may operate to the prejudice of the opposing party when that relief is finally sought at a much later stage of the proceedings. Denial of relief i. then also appropriate. *International Harvester Credit Corp. v. East Coast Truck*, 547 F.2d 888, 891 (5th Cir.1977); *Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir.1975).

■ Here, Teleprompter did not seek attorneys' fees in its pleadings. Nevertheless, all of the elements justifying such relief were fully established before the district court. The contract between Teleprompter and the Engel group was in evidence, and the court's attention had been specifically directed to the attorneys' fees clause by the plaintiffs' application for a fee award. The interpretation of this clause and its enforceability under Texas law were not in issue. Only the identity of the prevailing party had to be established before that party's right to this form of relief became manifest. Significantly, the district court had held open the attorneys' fees issue while the case was considered by this court. We find no prejudice to the plaintiffs, and consequently conclude that entertaining the fee application is mandated by Rule 54(c).

■ In a case such as this one, the district court might proceed alternatively under Fed.R.Civ.P. 15, treating the prevailing party's application for relief as a motion to amend the pleadings. Leave to amend may be denied if a likelihood of prejudice or some other procedural abuse is shown. Here, the absence of prejudice is manifest, and the district court would have abused its discretion if it refused Teleprompter leave to amend its pleadings to seek an award of attorneys' fees. Consequently, it matters not here whether the court proceeds under Rule 54(c) or Rule 15;

in either event the district court should have entertained an application for fees by defendant Teleprompter.

■ The prevailing party, of course, must make a proper application for an award of fees. Here, the defendants properly informed the district court that they planned to seek an award of fees, and they submitted their application and most of the supporting documentation before the district court officially entered its judgment; one affidavit was filed after judgment was entered but within the period for consideration of Teleprompter's motion to amend judgment.

■ Plaintiffs' argument that Teleprompter's prayer for attorneys' fees should have been submitted to this court so that it could have been considered along with the merits of the original appeal misses the mark. With respect to attorneys' fees, there was no issue for us to consider, no controversy aired before the district court requiring appellate review. All parties agreed that the prevailing party could recover his attorneys' fees, and our disposition of the appeal answered the sole relevant question—namely, which party had prevailed.

■ Plaintiffs suggest half-heartedly that the district judge may simply have exercised his discretion not to award fees. The record plainly indicates, however, that the district court was led by plaintiffs' arguments to conclude that an award of fees was not authorized when we issued our mandate instructing only that the complaint be dismissed. In any event, the refusal, as a matter of discretion, to award fees where they are authorized must be supported with adequate reasons.

It follows that the district court should have granted Teleprompter's motion to amend judgment and awarded the attorneys' fees deemed justified. Accordingly, we reverse the denial of this motion, and remand the case with instructions to the district court to make an appropriate award of attorneys' fees to the prevailing parties. We decline Teleprompter's invitation to de-

termine ourselves the appropriate amount of this award.

REVERSED and REMANDED.