809 F.2d 1151
 Benny B. BARRETT, Plaintiff-Appellee-Cross-Appellant,
v.
Carl THOMAS, Sheriff, Defendant,
Dallas County, Texas, Appellant-Cross-Appellee.
Benny B. BARRETT, Plaintiff-Appellant,
v.
Dallas County Judge Garry WEBER, et al., Defendants-Appellees.
 No. 86-1172.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 12, 1987.
Rehearing and Rehearing En Banc Denied March 10, 1987.
 
 Earl Luna, Sydna H. Gordon, Mary Milford, Dallas, Tex., for appellant-cross-appellee.
 James Barber, Dallas, Tex., for plaintiff-appellee-cross-appellant.
 Appeals from the United States District Court for the Northern District of Texas.
 Before WILLIAMS, JOLLY and DAVIS, Circuit Judges.
 E. GRADY JOLLY, Circuit Judge:
 
 
 1
 This case is before us for the second time. In Barrett v. Thomas, 649 F.2d 1193 (5th Cir.1981) ("Barrett I") we affirmed the district court judgment in favor of the plaintiff Benny Bob Barrett ("Barrett") in his section 1983 suit against Carl Thomas, the former sheriff of Dallas County. In addition, this court held that under 42 U.S.C. Sec. 1988, Dallas County itself was jointly liable with Thomas for the plaintiff's attorney's fees. Although we did not remand, further proceedings followed in the district court with the plaintiffs seeking to hold the County also liable on the back-pay judgment we had affirmed. Dallas County now appeals the district court's judgment holding it jointly and severally liable. In the meantime, Barrett had filed a separate lawsuit against Dallas County, seeking to hold the County liable under section 1983 for failure to pay the judgment. The district court dismissed this separate section 1983 action and awarded attorney's fees against Barrett in favor of the County. Barrett cross-appeals this award of attorney's fees. Barrett also cross-appeals from the district court's modification of the post-judgment interest assessed against the defendants. Because Barrett's unsuccessful section 1983 claim was not groundless, we reverse the district court's award of attorney's fees in favor of the defendant. In all other respects, we affirm the judgment of the district court.
 
 
 2
 * As detailed in our earlier opinion, plaintiff Benny Bob Barrett filed a section 1983 class action lawsuit against Dallas County Sheriff Carl Thomas in November 1977. Barrett's claim alleged that Barrett had been demoted and discharged for his political beliefs because he had supported Thomas' opponent in the 1976 election and because he had criticized Thomas publicly. Barrett brought his section 1983 class action on behalf of all the sheriff's office employees who had been demoted or fired by Thomas for supporting Thomas' opponent in the 1976 election.[1]
 
 
 3
 Following a jury trial in January 1979, the court held that Barrett was entitled to back pay compensating for his politically-inspired demotion, but denied him reinstatement to his former position. Attorney's fees were awarded to the prevailing plaintiffs. An April date was set for a hearing to fix the amounts of back pay and interest due each individual member of the plaintiff class and to review the attorney's fee request filed by the plaintiffs' attorney.
 
 
 4
 One week before the scheduled April hearing--more than three months after the jury trial--the County moved to intervene. The County argued that an adjudication of Thomas' liability in its absence would impair its interest in protecting the County treasury against the plaintiffs' claims. The plaintiffs opposed Dallas County's intervention, contending that the County's motion was untimely, that the County's expressed disclaimer of liability for the sheriff's personnel decisions negated its assertion of an interest in the outcome of the April hearing, and that the County interests were adequately represented by the County district attorney's representation of the sheriff, who shared the County's interest in minimizing liability to the plaintiffs. Stressing that County intervention would pose the threat of a prejudicial delay at a time when the lawsuit was nearly resolved, the district court denied the motion to intervene.
 
 
 5
 The district court then proceeded with the scheduled April hearing. In a judgment specifying the terms of relief granted to the members of the plaintiff class, the court, on May 20, ordered reinstatement of nine demoted or discharged employees and fixed the amounts of back pay and interest due fourteen members of the plaintiff class. The court fixed the plaintiffs' attorney fee award at $34,015, but specified that the judgment "is entered against Carl Thomas, Sheriff, and draws no conclusions concerning the liability, if any, of the County of Dallas, Texas, for complying with the provisions of the judgment." In August, however, the district court decided that the attorney's fees award would not lie against County funds, apparently because the plaintiffs had affirmatively opposed the County's attempt to intervene prior to the April hearing.
 
 
 6
 On appeal, this court vacated the district court's injunction against section 15 of the Sheriff's Office Code of Conduct; reversed and rendered judgment holding the County liable for the section 1988 attorney's fees award; and affirmed the district court's judgment in all other respects. Barrett I.
 
 
 7
 On July 10, 1980, the plaintiffs filed a separate suit under 42 U.S.C. Sec. 1983 in federal district court against the County and the members of the commissioners court, seeking to collect the judgment rendered against Thomas, Barrett v. Weber, No. CA3-80-0886-D.
 
 
 8
 On December 16, 1982, the plaintiffs filed in both Barrett cases a Rule 69 and 70 motion to compel payment of the back-pay judgment awarded against the defendants in Barrett I and Barrett v. Weber.
 
 
 9
 On February 7, 1986, the district court entered a memorandum opinion and order in both cases. The court dismissed Barrett v. Weber for failure to state a cause of action, based on its decision in Smith v. Thomas,[2] but held the County jointly and severally liable for the back-pay award judgment of May 31, 1979, in Barrett I. In connection with this dismissal, the court assessed attorney's fees against Barrett under 42 U.S.C. Sec. 1988. The district court held, however, that interest on the judgment would run against the County starting from the February 7, 1986, date only, and that the rate of interest would be 7.85% not the 9% rate assessed against Thomas. On March 7, 1986, the County gave notice of appeal from that order. The plaintiffs also appealed the February 7 order. On March 20, 1986, the district court stayed the February 7 order.
 
 II
 
 10
 The County's appeal presents us with the issue of whether the County can be held jointly and severally liable for the backpay judgment. Barrett's cross-appeal presents three issues: (1) whether the district court properly dismissed Barrett v. Weber for failure to state a section 1983 claim; (2) whether the district court properly assessed attorney's fees against Barrett in connection with its dismissal of Barrett v. Weber, and (3) whether the district court had authority to modify the post-judgment interest assessed in its back-pay judgment.
 
 III
 
 11
 * The County argues that the district court lacked authority to enter judgment against it for the back-pay award because our mandate in Barrett I, by affirming the district court, conclusively resolved the case and therefore precluded the district court from amending the judgment. We disagree.
 
 
 12
 Although it is true that once a case has been decided on appeal and a mandate issued, a lower court is not free to alter the mandate of the appellate court, it is free to decide matters which are left open by the mandate. In re Sanford Fork & Tool Co., 160 U.S. 247, 255-56, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). A district court is not precluded from acting on a matter neither before nor acted upon by the appeals court. Newball v. Offshore Logistics International, 803 F.2d 821, 826 (5th Cir.1986); Engel v. Teleprompter, 732 F.2d 1238, 1241 (5th Cir.1984).
 
 
 13
 The subject of whether the County was jointly liable for the back-pay judgment against Thomas was not raised before the court in the prior appeal, nor did the court consider the issue. The matter was therefore left open by the court in Barrett I, and the district court was therefore at liberty to decide whether the County was jointly liable for the back pay award. We now turn to the question whether the district court properly ruled that the County was liable.
 
 B
 
 14
 The County was not an original party in this case, and, in fact, this court affirmed the district court's denial of the County's motion to intervene. See Barrett I, 649 F.2d at 1197 n. 5. The district court has now held the County liable for the back pay assessed against Thomas. On its face, the ruling of the district court seems most questionable.
 
 
 15
 The Supreme Court has recently held, however, that in suits against local officials, local governments may themselves be made liable to the plaintiffs even when they are not formally parties in the suit, as long as the suits are made against the officials in their official capacities, and as long as the public entities received adequate notice and an opportunity to respond. Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985); Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The County argues that neither requirement was met in this case. But the County is no longer permitted to litigate these issues. Barrett I decided that both the official capacity and notice requirements were met. Therefore, under the doctrine of the law of the case, the County cannot relitigate these issues.
 
 
 16
 In Barrett I, we decided pursuant to Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), that the County was jointly and severally liable for the section 1988 attorney's fees award to plaintiffs' counsel, and directed a judgment against it. In so doing, we held that Thomas was being sued in his official capacity. 649 F.2d at 1201-02. We also held that the County had the opportunity to intervene in the suit (and therefore had the opportunity to respond), but that it had not exercised its right to do so in a timely manner. 649 F.2d at 1202. Although the County now seeks to relitigate these issues, the doctrine of the law of the case, observed by this court, bars such relitigation.
 
 
 17
 Under the "law of the case" doctrine, once the court decides an issue, that decision will remain binding on the court in all subsequent proceedings in the same case in trial court or on a later appeal in the appellate court, unless (1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such issues, or (3) the decision was clearly erroneous and would work manifest injustice. Adams-Lundy v. A.P.F.A., 792 F.2d 1368, 1371-72 (5th Cir.1986); Morrow v. Dillard, 580 F.2d 1284, 1289-91 (5th Cir.1978).
 
 
 18
 Since none of the recognized exceptions to the doctrine is present in the case, the County is barred from relitigating the issues of official capacity and notice. The district court's judgment holding the County jointly liable for the back-pay award is therefore affirmed.
 
 IV
 
 19
 * Barrett cross-appeals from the district court's dismissal of his section 1983 suit against the County in Barrett v. Weber. According to Barrett, the district court erred in dismissing his section 1983 suit because a plaintiff who sues a municipality for failure to pay a tort judgment in a timely manner properly states a section 1983 claim for deprivation of property without due process. For this claim, Barrett relies on the Seventh Circuit's decision in Evans v. City of Chicago, 689 F.2d 1286 (7th Cir.1982).
 
 
 20
 But Barrett's section 1983 claim against the County was premised on the contention that there already existed an outstanding judgment against the County (as was the case in Evans ) when, in fact, no court had made a determination that the County was liable until the district court's decision on February 7, 1986, to hold the County jointly and severally liable for the judgment rendered against Thomas. As noted earlier in this opinion, our decision in Barrett I did not consider whether the County should be jointly liable for the backpay award.[3] Furthermore, prior to its February 7, 1986, decision, the district court had expressly refused to rule on the issue. Since Barrett's section 1983 claim against the County in Barrett v. Weber was based on the faulty premise that an outstanding judgment against the County existed, we conclude that it was properly dismissed by the district court.[4]
 
 B
 
 21
 In connection with its dismissal of Barrett's section 1983 claim in Barrett v. Weber, the district court awarded the County attorney's fees as the prevailing party under 42 U.S.C. Sec. 1988. Because Barrett's claim was not frivolous or without merit, we reverse the district court's assessment of attorney's fees against the plaintiffs.
 
 
 22
 The Supreme Court has held that prevailing defendants may recover attorney's fees only upon a finding that the plaintiff's claim is frivolous, unreasonable, groundless, made in bad faith, or persisted in after it has become clear that the claim is any of those things. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). We find that Barrett's section 1983 claim against the County was not so lacking in merit or good faith as to call for attorney's fees under Christiansburg.
 
 
 23
 Although we noted earlier in this opinion that our Barrett I decision did not consider whether the County was jointly liable for the back-pay judgment against Thomas, it was not unreasonable for Barrett to advance the argument that our Barrett I holding provided the basis for the County's liability for the back-pay award in this case, especially since the law regarding county liability under section 1983 was in a state of flux at the time Barrett I was decided.
 
 
 24
 In Barrett I, this court applied Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, and assessed attorney's fees jointly against the County and Thomas, without determining whether the County would also be jointly liable for the judgment itself. 649 F.2d at 1202. As a basis for the award in Barrett I, we held that Thomas was being sued in his official capacity, that the County had had ample opportunity to intervene, and that the County's interests were adequately represented by the district attorney. Barrett could plausibly have argued that these findings formed a basis for also holding the County jointly liable for the back-pay judgment itself. The viability of this argument has been demonstrated by the fact that it has since been accepted by the Supreme Court. As the Court recently said:
 
 
 25
 In at least three recent cases arising under Sec. 1983, we have plainly implied that a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond. We now make that point explicit. (emphasis added).
 
 
 26
 Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). This holding was reiterated in Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). It is therefore plausible, given the state of the law at the time, for Barrett to argue that Barrett I implicitly rendered the County liable for the back-pay judgment. Barrett's section 1983 claim against the County in Barrett v. Weber therefore did not warrant the imposition of attorney's fees. Accordingly, we reverse the district court's award of attorney's fees against Barrett.
 
 V
 
 27
 The district court, in its February 7, 1986, order, determined that the County would be liable for post-judgment interest as of the February 7, 1986, order only, as opposed to the date of the original Barrett I judgment against Thomas. The district court also specified in its February 7, 1986, order that the rate of post-judgment interest charged against the County would be 7.85%, as opposed to the 9% charged in the 1979 judgment.
 
 
 28
 Barrett argues that the district court lacked authority to take the above-mentioned actions because our Barrett I decision did not alter the district court's judgment except to order the County to pay attorney's fees to plaintiffs' counsel. Therefore, Barrett argues, the mandate of this court in Barrett I precluded the district court from altering the interest rate determinations made in its original judgment. We disagree.
 
 
 29
 Barrett's argument disregards the fact that until the district court's February 7, 1986 decision, no judgment against the County existed. As we noted earlier in this opinion, the mandate of this court in Barrett I left the district court free to determine whether the County was liable for the judgment against Thomas. We believe that it therefore follows that the mandate also left the district court free to make appropriate interest-rate determinations pursuant to its decision on the County's liability.
 
 VI
 
 30
 For the reasons discussed above, the district court's award of attorney's fees to the County is reversed. In all other respects, the judgment of the district court is affirmed.
 
 
 31
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 [1]
 For a more detailed statement of the facts, see our opinion in Barrett I
 
 
 [2]
 In 1979, Bobby Joe Smith, a member of the plaintiff class who was awarded relief in this case, filed suit against the County and the commissioner's court, alleging liability for the commissioners' failure to prevent his demotion, and alleging a violation of 42 U.S.C. Sec. 1983 for the county's failure to pay the judgment rendered on May 31, 1979. The district court entered an order on August 29, 1980, stating that no cause of action was stated under section 1983, and allowing the plaintiffs to amend. On January 19, 1981, the amended complaint was dismissed for failure to state a section 1983 claim. No appeal was taken from the dismissal of that suit. Smith v. Thomas, No. CA-3-79-1032-F
 
 
 [3]
 This court's decision in Barrett I, holding the County liable for attorney's fees but not for the underlying judgment, may now appear anomalous in the light of the Supreme Court's decisions in Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), and Brandon v. Holt, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985), which have held that a suit against a local official in his official capacity is in effect a suit against the local government. However, it should be noted that the issue of the County's liability was not raised in Barrett I and that Barrett I was decided several years before the Supreme Court's clarifying decisions in Kentucky v. Graham and Brandon v. Holt, at a time when the law on the matter was still unclear
 
 
 [4]
 We reach no conclusion as to whether Barrett's claim in Barrett v. Weber would be cognizable under section 1983 had there in fact been a prior judgment against the County