United States Court of Appeals,

Fifth Circuit.

No. 95-30898.

UNITED INDUSTRIES, INC., Plaintiff-Appellant,

v.

SIMON-HARTLEY, LTD., Defendant-Appellee.

Aug. 15, 1996.

Appeal from the United States District Court for the Middle District of Louisiana.

Before BENAVIDES, STEWART and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

United Industries, Inc. ("United") appeals from a denial of attorneys' fees. Because United failed to comply with the procedural requirements for making such a fee request, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In May 1989, United sued appellee Simon-Hartley, Ltd. seeking reformation of a license agreement. The license agreement included a choice of law provision that "this agreement shall be interpreted and the rights of the parties determined in accordance with English law." United's complaint did not include a request for attorneys' fees. It did, however, request "costs." Similarly, the pretrial order did not include a request for attorneys' fees. The district court conducted a three-day bench trial in September 1992. Following trial, the district court issued a memorandum opinion on October 29, 1992 indicating its intention to rule in United's favor on the reformation claim.[1] Despite this initial ruling, the court specifically ordered the clerk to withhold entry of judgment until the court issued its written opinion. On April 5, 1994, the court issued its opinion explaining the reasons for granting United's claim. Judgment was entered on April 11, 1994. Simon-Hartley then appealed and we affirmed in an unpublished per curiam opinion on March 23, 1995

_____

[1]The district court also rejected Simon-Hartley's counterclaim for rescission of the license agreement.

1

under our local rule 47.6.

On April 28, 1995, nearly one year after entry of judgment, United filed a "Notice of Application to Include Attorneys' Fees as Costs" in the district court.[2] United based its tardy claim for fees on the English choice-of-law provision. United argued that under substantive English law it was entitled to attorneys' fees as "costs" because it was the prevailing party. Without addressing the merits of whether the English rule applied, the district court denied the fee request for two reasons. Initially, the court found that United's failure to request attorneys' fees in its complaint or pretrial order precluded recovery. Alternatively, the court noted that the judgment in the case was final and that it only had jurisdiction to enforce the judgment. This appeal ensued.

## DISCUSSION

Because a jurisdictional issue has been raised, we briefly address this threshold matter. As a general rule, a final judgment terminates litigation on the merits and leaves the district court with nothing to do except execute the judgment. *First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1199 (5th Cir.1990). Similarly, once a case has been decided on appeal to this Court, a lower court is not free to alter our mandate. *Barrett v. Thomas,* 809 F.2d 1151, 1154 (5th Cir.1987). However, a district court is not precluded from acting on a matter neither before nor acted upon by the appeals court. *Id.; Engel v. Teleprompter Corp.,* 732 F.2d 1238, 1241 (5th Cir.1984); *see Albert T. Smith Co. v. Albertsons, Inc.,* 826 F.Supp. 1299, 1301 (D.Utah 1993). In this case, it is undisputed that the issue of attorneys' fees was not raised before the district court. Likewise, attorneys' fees were not an issue before this Court on appeal. Consequently, at a jurisdictional level, the district court is not precluded from ruling on the attorneys' fees issue by either its final judgment or our mandate.

While the district court has, at a basic level, the authority to hear such a fee request, this does not mean that United has complied with the procedural requirements making such a motion for attorneys' fees appropriate. In its order denying United's fee request, the district court specifically

---

[2]United sought $490,641.75 in attorneys' fees to be taxed as costs.

grounded its ruling on the fact that United failed to plead for attorneys' fees. This was not reversible error.

Our sister circuits routinely classify attorney's fees as special damages that must be specifically pleaded under Federal Rule of Civil Procedure 9(g).[3] *See Maidmore Realty Co., Inc. v. Maidmore Realty Co., Inc.,* 474 F.2d 840, 843 (3d Cir.1973) ("Claims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g)."); *Western Casualty & Sur. Co. v. Southwestern Bell Tel. Co.,* 396 F.2d 351, 356 (8th Cir.1968) ("Claims for attorneys' fees are also items of special damage which must be specifically pleaded under Fed.R.Civ.P. 9(g)."); *see also In re American Casualty Co.,* 851 F.2d 794, 802 (6th Cir.1988); 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1310 (1990). Failure to plead waives the right to attorneys' fees. *Maidmore,* 474 F.2d at 843; *Western,* 396 F.2d at 356; *see* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1312 (1990).

While this Circuit has not specifically held that attorneys' fees are items of special damage that must be specifically pleaded, we have intimated that this is so. *See Crosby v. Old Republic Ins. Co.,* 978 F.2d 210, 211 n. 1 (5th Cir.1992) (noting that any pleading defect caused by a party's failure to plead for attorneys fees under Rule 9 was cured by advancing the claim during the pretrial conference). Similarly, our district courts have denied attorneys' fees in the absence of appropriate pleading and we have affirmed on appeal. *See Wilson v. William Hall Chevrolet, Inc.,* 871 F.Supp. 279, 282-83 (S.D.Miss.1994), *aff'd in part and rev'd in part,* 77 F.3d 479 (5th Cir.1996) (unpublished per curiam) (affirming on all issues except award of interest). We have noted that there may be exceptions to this general rule, such as when the issue is tried by consent or included in a pretrial order. *See Crosby,* 978 F.2d at 211 n. 1; *see also Seybold v. Francis P. Dean, Inc.,* 628 F.Supp. 912, 914-15 (W.D.Pa.1986). Likewise, we have held that under certain circumstances not present here that Rule 54(c) allows the district court to consider the fees issue even in the absence

---

[3]"When items of special damage are claimed, they shall be specifically stated." Fed.R.Civ.P. 9(g).

of a specific pleading. *See Engel,* 732 F.2d at 1240-41.[4] As a general rule, however, we find nothing inappropriate with requiring a party to put its adversaries on notice that attorneys' fees are at issue in a timely fashion or waive that claim. This is accomplished by specifically pleading for attorneys' fees in the complaint.

It is undisputed that United did not specially plead attorneys' fees under Rule 9(g). United argues, however, that its request for "costs" should be deemed sufficient because, under English law, attorneys' fees are awarded to the prevailing party as costs. We reject this semantic word game. If, as United argues, its right to attorneys' fees is a substantive issue that requires application of English fee-shifting law, then United was obligated to specifically plead for them under the procedural rules that govern our courts. Having voluntarily sued in this forum, United has an obligation to put the parties and the court on notice that attorneys' fees are at issue. A claim for attorneys' fees, premised on an interpretation of a contract provision incorporating an English choice-of-law clause,[5] cannot be buried in a general request for costs and then later resurrected a year after entry of final judgement. Given the circumstances presented in this case, the district court did not abuse its discretion in denying an award of fees that were not timely requested.

---

[4]In *Engel,* plaintiffs-shareholders sued Teleprompter Corp. for breach of a subscription agreement and for attorneys' fees under a contract provision entitling a prevailing party to fees. 732 F.2d at 1240. The non-jury trial resulted in judgment for the plaintiffs. On appeal, we reversed and remanded with instructions to dismiss the complaint. On remand, the now-prevailing party, Teleprompter, moved for fees as provided in the contract. The district court denied the request. On subsequent appeal we reversed. Our reversal, however, was specifically grounded in both the procedural posture of the case and the factual background of the litigation. Procedurally, we noted that because Teleprompter was not the prevailing party in the first suit, it could not have been required to request fees at that time. Consequently, Teleprompter's failure to plead for fees as an initial defendant was not fatal to the later request following remand. *Id.* at 1240-41. Additionally, we noted that the plaintiffs and Teleprompter had an explicit contract provision that the prevailing party would be entitled to fees in the event of litigation. *Id.* at 1240. The validity and interpretation of the provision was never in dispute. Moreover, following remand to the district court, Teleprompter made a timely application for attorneys' fees and submitted supporting materials *before* the district court officially entered its final judgment. *Id.* at 1242. None of these characteristics are present in the case now before us.

[5]While we do not address the merits of United's claim for fees under the choice-of-law provision in the license agreement, we note our skepticism that such a clause targeting *interpretation* of the contract terms also incorporates English fee-shifting.

4

Moreover, an additional reason supports the district court's judgment. United failed to comply with Federal Rule of Civil Procedure 54(d)(2).[6] Rule 54(d) was amended with the express purpose of harmonizing and clarifying the procedural requirements for attorneys' fees requests. Fed.R.Civ.P. 54 advisory committee's note (subdivision (d)); 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2679 (Supp.1996). Rule 54(d)(2)(A) requires that claims for attorneys' fees must be made by separate motion to the district court.[7] Unless modified by statute or court order, this motion for attorneys' fees must be filed fourteen days after entry of judgment; must specify the statute, rule or other grounds entitling the movant to the award; and must state the amount or fair estimate of the amount sought. Fed.R.Civ.P. 54(d)(2)(B). This amended rule took effect on December 1, 1993 and applies to this judgment that was entered in April 1994.[8]

---

[6]While the district court did not explicitly ground its denial of attorneys' fees on Rule 54(d), it is well-settled that this Court will not reverse a judgment of the district court if it can be affirmed on any grounds, regardless of whether the grounds were articulated by the district court. *See Bickford v. International Speedway Corp.,* 654 F.2d 1028, 1031 (5th Cir.1981). Additionally, the district court's concern over United's belated request for attorneys' fees is consistent with the procedural objectives embodied in Rule 54(d).

[7]This motion requirement is waived if the substantive law governing the action provides for recovery of such fees as an element of damages to be proved at trial. Fed.R.Civ.P. 54(d)(2)(A). Attorneys fees that are recoverable as an element of damages, such as when sought under the terms of a contract, must be claimed in a pleading. Fed.R.Civ.P. 54 advisory committee's note (subdivision (d); paragraph 2).

[8]United contends that amended Rule 54(d) should not apply in this case because it was tried and initially decided by the district court in 1992. This argument, however, ignores the subsequent opinion and judgment which were entered in 1994. Amended Rule 54(d) applies to all civil actions commenced after December 1, 1993, and "insofar as just and practicable, all proceedings in civil cases then pending." Order of the Supreme Court of the United States, Apr. 22, 1993, 146 F.R.D. 401, 404. Because the district court withheld entry of judgment until its written opinion was issued in April 1994, this case was pending when amended Rule 54 took effect. At that time, United could have easily complied with the rule and filed a motion for fees within fourteen days of entry of judgment. United offers no explanation for its failure to comply except to state that it would be unjust and impracticable. The cases United cites however are easily distinguishable. *See, e.g., Franz v. Lytle,* 854 F.Supp. 753, 755 (D.Kan.1994) (declining to apply amended rule to case that would have been completed prior to effective date of amended rule except for delay caused by interlocutory appeal by losing defendants); *Schwartz v. Dolan,* 159 F.R.D. 380, 385 (N.D.N.Y.1995) (granting leave to file untimely motion for attorneys' fees in the exercise of discretion under Rule 6(b)(2) due to excusable neglect).

This rule was promulgated for precisely the situation presented in this case. The Rule 54(d) procedure was adopted for claims for attorneys' fees whether or not they are denominated as "costs." Fed.R.Civ.P. 54 advisory committee's note (subdivision (d)); 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2679 (Supp.1996). A party seeking attorneys' fees must make a timely Rule 54(d)(2)(B) motion unless it falls under a 54(d) exception.[9] This rule serves several laudable purposes that are underscored by United's failure to comply in this case. The Rule assures that the opposing party has notice of the claim. Fed.R.Civ.P. 54 advisory committee's note (subdivision (d)). Additionally, prompt filing may allow the district court to make its fee ruling in time to allow appellate review at the same time as review on the merits. *Id.* It is undisputed that United did not file a motion for attorneys' fees within fourteen days of entry of judgment as required by Rule 54(d). This failure to file within the allotted period serves as a waiver of its claim for attorneys' fees.

## CONCLUSION

Under the procedural rules that govern our courts, attorneys' fees must be specifically requested in a timely fashion. This is accomplished by including a request for attorneys' fees in the pleadings and by timely filing a Rule 54(d) motion following entry of judgment, unless excepted from the motion requirement because fees were proved as damages at trial. United failed to comply with these procedural requirements. The judgment of the district court denying attorneys' fees is AFFIRMED.

---

[9]Aside from situations where attorneys' fees were proved as damages at trial, Rule 54(d) also excepts claims for attorneys' fees as sanctions from the fourteen-day motion requirement. Fed.R.Civ.P. 54(d)(2)(E).