# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2021

Lyle W. Cayce
Clerk

No. 20-40645

Dr. Claudio Solferini, *in his capacity as* Trustee of Corradi S.p.A.,

*Plaintiff—Appellant*,

*versus*

Corradi USA, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-293

Before Clement, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:*

Acting in his capacity as Trustee for Corradi S.p.A. ("Corradi Italy"), Dr. Claudio Solferini appeals the district court's grant of summary judgment in favor of, and award of attorneys' fees to, Corradi USA, Inc. ("Corradi USA"). For the reasons set forth below, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40645

## I. Background

Corradi Italy is an Italian corporation and, at all times relevant to this lawsuit, was the majority shareholder in Corradi USA. In 2010, Corradi USA secured a line of credit from Bank of the West for $500,000, which was eventually increased to $800,000. To secure Corradi USA's debt, Corradi Italy applied to Banca Nazionale del Lavoro S.p.A. ("BNL") for a letter of credit to cover the full amount loaned by Bank of the West to Corradi USA. Under the terms of the letter of credit, BNL agreed to "pay the sums requested by [Bank of the West]" within the guaranteed amount, and Corradi Italy agreed to reimburse BNL for any amounts paid to Bank of the West. Corradi USA eventually borrowed the full $800,000 made available by the line of credit from Bank of the West.

In 2014, Corradi Italy entered bankruptcy proceedings in Italy. Solferini was appointed Trustee. Corradi Italy's bankruptcy triggered a default provision under Corradi USA's line of credit from Bank of the West, resulting in Bank of the West demanding payment of $800,000 from BNL. BNL then paid the demanded $800,000 to Bank of the West, and debited Corradi Italy's account at BNL for an amount in euros equivalent to $800,000. Because Corradi Italy's account already had a negative balance, no funds flowed from its account to BNL at that time.

BNL filed a claim in Corradi Italy's bankruptcy proceeding for reimbursement of the funds it paid Bank of the West under the letter of credit. Over the course of the bankruptcy proceeding, Solferini distributed an amount in euros equivalent to $115,666.76 to BNL towards the satisfaction of this claim. Despite Solferini's demands, Corradi USA did not pay Corradi Italy any of the $800,000 it received from Bank of the West.

In 2018, Solferini sued Corradi USA in federal district court, asserting that Corradi USA was obligated to pay the $800,000 to Corradi Italy, based

2

No. 20-40645

on claims of equitable subrogation, statutory subrogation under Texas Business & Commerce Code § 5.117(a), reimbursement, unjust enrichment, and quantum meruit.  The district court entered summary judgment for Corradi USA on all of Solferini's claims.  Subsequently, the district court awarded Corradi USA $272,127.50 in attorneys' fees and $12,282.22 in expenses.  Solferini timely appealed.

## II.    Jurisdiction & Standard of Review

The district court had diversity jurisdiction under 28 U.S.C. § 1332.[1] We have appellate jurisdiction under 28 U.S.C. § 1291.

We review a district court's grant of summary judgment de novo. *Petro Harvester Operating Co., L.L.C. v. Keith*, 954 F.3d 686, 691 (5th Cir. 2020).  A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  All evidence is viewed in the "light most favorable to the non-moving party." *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009).

We review a district court's award of attorneys' fees for abuse of discretion. *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002).  We review the district court's factual findings related to the award for clear error and its legal conclusions de novo. *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008).

## III.    Discussion

We first consider whether the district court correctly granted summary judgment to Corradi USA on all of Solferini's claims.  Since we conclude that summary judgment was appropriate, we then review whether

---

[1] The parties agree that Texas law applies in this diversity case.

the district court properly awarded attorneys' fees and costs to Corradi USA. We hold that it did.

### A.    Summary Judgment

The district court concluded that all of Solferini's claims failed because BNL, not Corradi Italy, satisfied Bank of the West's demand for $800,000; in other words, because Corradi Italy had not paid out anything, it was not entitled to recover anything from Corradi USA.  On appeal, Solferini seems to accept that the question of who paid the $800,000 is central to all of his claims.

The district court was correct.   The evidence conclusively demonstrates that BNL, not Corradi Italy, paid the $800,000 to Bank of the West.   Generally, there are three parties involved in a letter of credit transaction: an applicant, an issuer, and a beneficiary. *Elec. Reliability Council of Tex. v. May (In re Tex. Com. Energy)*, 607 F.3d 153, 155 n.2 (5th Cir. 2010). The applicant contracts with the issuer to issue the letter of credit, which is a contract between the issuer and the beneficiary providing that "the issuer will make payment to the beneficiary" upon request. *Republic Nat'l Bank of Dall. v. Nw. Nat'l Bank of Fort Worth*, 578 S.W.2d 109, 112 (Tex. 1978).

In this case, Corradi Italy was the applicant, BNL was the issuer, and Bank of the West was the beneficiary.  The letter of credit specified that BNL would pay Bank of the West up to $800,000 upon request and that BNL could then seek reimbursement from Corradi Italy.  That is what happened here: when Bank of the West requested $800,000 from BNL, BNL paid Bank of the West, and then sought reimbursement from Corradi Italy.  Solferini's protestations that Corradi Italy was somehow responsible for the payment to Bank of the West, despite the clear terms of the letter of credit and the negative balance in Corradi Italy's bank account, are unconvincing.  It is unclear why Corradi Italy did not seek to engage BNL in the litigation; nor is

No. 20-40645

it clear whether Corradi USA will, in fact, pay BNL. We are limited to addressing only what is before us, so we will leave these issues for another day.

Even if he is not entitled to recover the full $800,000 from Corradi USA, Solferini maintains that, under Texas Business & Commerce Code § 5.117(b), he is at least entitled to recoup the $115,666.76 that Corradi Italy has paid out to BNL through its bankruptcy proceeding. Under § 5.117(b), "[a]n applicant that reimburses an issuer is subrogated to the rights of the issuer against any beneficiary, presenter, or nominated person . . . ." So § 5.117(b) may very well have provided a viable avenue for reimbursement of the $115,666.76. But, because Solferini did not plead a § 5.117(b) claim in his complaint, he was not permitted to raise such a claim at summary judgment.[2] *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint . . . is not properly before the court." (citation omitted)). Therefore, the district court did not err in granting summary judgment to Corradi USA. We offer no opinion on whether Solferini would be able to raise this issue in the future.

---

[2] As Solferini did not plead his § 5.117(b) claim in his complaint, Corradi USA did not have sufficient notice of it, meaning that Federal Rule of Civil Procedure 54(c) does not operate to salvage the claim. *See Peterson v. Bell Helicopter Textron, Inc.*, 806 F.3d 335, 340 (5th Cir. 2015) ("The discretion afforded by Rule 54(c) thus assumes that a plaintiff's entitlement to relief not specifically pled has been tested adversarially, tried by consent, or at least developed with meaningful notice to the defendant."); 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2662 (4th ed. 2014 & Apr. 2021 Update) (noting that relief provided under Rule 54(c) must be "based on what is alleged in the pleadings").

### B.    Attorneys' Fees

Texas Business & Commerce Code § 5.111(e) authorizes the award of attorneys' fees and costs to the "prevailing party in an action in which a remedy is sought under [Chapter 5 of the Texas Business & Commerce Code]."    The district court determined that, because Corradi USA successfully moved for summary judgment on Solferini's § 5.117(a) claim, it was a prevailing party within the meaning of § 5.111(e).  On appeal, Solferini does not contest that Corradi USA was a prevailing party under § 5.111(e). Instead, he asserts that Corradi USA waived its right to recover attorneys' fees and failed to properly segregate its fees.

### 1.    Waiver

Solferini contends that Corradi USA waived its right to attorneys' fees by failing to plead for them in its answer.  To recover attorneys' fees, a party must "put its adversaries on notice that attorneys' fees are at issue in a timely fashion or waive that claim." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996).  Although we have explained that such notice may be "accomplished by specifically pleading for attorneys' fees," notice may be provided in other ways. *See id.* (discussing "exceptions" to the rule of specific pleading); *see also Al-Saud v. Youtoo Media, L.P.*, 754 F. App'x 246, 255 (5th Cir. 2016) (unpublished) (explaining that specifically pleading for attorneys' fees is "sufficient but not necessary").

Here, Solferini put the issue of attorneys' fees in play by bringing a claim under a statute that permits the prevailing party to recover attorneys' fees and pleading for attorneys' fees.  Moreover, Corradi USA informed Solferini that it intended to recover its attorneys' fees in its initial discovery disclosures.  Consequently, Solferini had adequate notice. *See Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240, 1242 (5th Cir. 1984) (determining that, despite failing to specifically plead for attorneys' fees, the defendant was

entitled to them where the plaintiffs had filed suit to enforce a contract that awarded attorneys' fees to the prevailing party in any dispute and the plaintiffs pleaded for such fees). Hence, there is no merit to his contention that Corradi USA waived its right to attorneys' fees.

### 2. Segregation

Solferini asserts that Corradi USA failed to properly segregate the recoverable fees it incurred in defending Solferini's § 5.117(a) claim from the unrecoverable fees it incurred defending other claims. Under Texas law, "if any attorneys' fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). However, segregation is not necessary "when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are intertwined [sic] to the point of being inseparable." *Id.* at 311 (quotation omitted). Intertwined facts alone are not enough; rather, the relevant legal services must have "advance[d] both a recoverable and unrecoverable claim." *Id.* at 313–14. For example, "[r]equests for standard disclosures, proof of background facts, depositions of the primary actors, discovery motions and hearings, [and] *voir dire* of the jury" may meet this standard. *Id.* at 313.

Based upon the evidence presented in this regard, including some segregation by Corradi USA, we conclude that the district court did not abuse its discretion in awarding Corradi USA attorneys' fees.

We AFFIRM.