# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2022

Lyle W. Cayce
Clerk

No. 21-10483
consolidated with
No. 21-10882

Ralph S. Janvey, *in his Capacity as Court-Appointed Receiver for* the Stanford International Bank Limited; et al.,

*Plaintiff—Appellee*,

*versus*

GMAG, L.L.C.; Magness Securities, L.L.C.; Gary D. Magness; Mango Five Family Incorporated, *in its Capacity as Trustee for* the Gary D. Magness Irrevocable Trust,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-401

Before Stewart, Clement, and Elrod, *Circuit Judges.*

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10483

Defendants appeal the district court's award of prejudgment interest, costs, and attorneys' fees after our mandate issued following a prior appeal. We AFFIRM.

I.

This case arises out of a court-appointed receiver's efforts to gather up fraudulently transferred funds to help compensate defrauded investors in a massive Ponzi scheme. In the wake of the scheme's collapse in 2009, receiver Ralph Janvey sued Gary Magness and three affiliates, large investors in (and victims of) the Stanford International Bank (SIB), to recover nearly $80 million in fraudulent transfers under the Texas Uniform Fraudulent Transfer Act (TUFTA). The parties stipulated to the existence and amount of the fraudulent transfers. The case went to trial only on the issue of Magness's good-faith defense.[1] By special verdict, the jury found that: (1) Magness did *not* have *actual* notice of the fraud upon receipt of the transfers; (2) Magness *did* have *inquiry* notice; but (3) an investigation would have been futile.

The district court entered judgment for Magness on his good-faith defense because an investigation would have been futile, even though he had "knowledge of facts . . . that would have excited the suspicions of a reasonable person and led that person to investigate." The district court therefore ordered that Janvey "take[] nothing" and that costs be taxed against him. Because the judgment was for Magness, the district court had no occasion to address prejudgment interest.

---

[1] *See* Tex. Bus. & Com. Code § 24.009(a) (TUFTA good-faith defense); *Janvey v. GMAG, L.L.C.*, 977 F.3d 422, 426 (5th Cir. 2020), *cert. denied sub nom. GMAG, LLC v. Janvey*, 142 S. Ct. 708 (2021).

No. 21-10483

Janvey appealed.  He argued that, as a matter of Texas law, futility of a hypothetical investigation does not excuse a transferee's failure to investigate diligently when on inquiry notice of potential fraud.  This court certified the issue to the Supreme Court of Texas.[2]  That court held that TUFTA provided no futility exception: transferees have a duty to conduct a diligent inquiry "irrespective of whether a hypothetical investigation would reveal fraudulent conduct."  *Janvey v. GMAG, L.L.C.*, 592 S.W.3d 125, 133 (Tex. 2019).  We then applied that answer to the case.  Because the jury had found that Magness had been on inquiry notice and because the record did not disclose that Magness had conducted any diligent investigation into SIB's suspected fraud, we reversed the district court's judgment and rendered judgment for Janvey.  *Janvey v. GMAG, L.L.C.*, 977 F.3d 442, 427–31 (5th Cir. 2020).

Magness's subsequent petitions for rehearing *en banc* to this court and for certiorari to the United States Supreme Court were both denied.[3]  This court's mandate issued.  In full, it stated:

> IT IS ORDERED and ADJUDGED that the judgment of the District Court is REVERSED, and we RENDER judgment in favor of the Reciever [*sic*].
>
> IT IS FURTHER ORDERED that each party to [*sic*] bear own costs on appeal to be taxed by the Clerk of this Court.

Janvey immediately moved for entry of judgment in the district court.  He requested the following: (1) the agreed-upon amount of the fraudulent transfers (almost $80 million); (2) prejudgment interest as allowed under

---

[2] *See Janvey v. GMAG, L.L.C.*, 925 F.3d 229, 235 (5th Cir. 2019), *certified question accepted* (May 31, 2019), *certified question answered*, 592 S.W.3d 125 (Tex. 2019).

[3] *Janvey v. GMAG, L.L.C.*, No. 17-11526, dkt. 180; *GMAG*, 142 S. Ct. at 708.

No. 21-10483

Texas law (almost $45 million); (3) federal postjudgment interest; and (4) costs and expenses (less than $100K). Magness objected to the $45 million request for prejudgment interest and the much smaller request for costs.[4] Later that same day, the district court granted Janvey's motion and entered judgment for Janvey in the amount of nearly $125 million, plus costs. It then invited Janvey to move for attorneys' fees. Janvey accordingly requested over $9 million—or, in the alternative, nearly $6 million—in fees already accrued, plus conditional appellate fees.[5] The district court granted in part Janvey's motion as to the alternative $6 million request. Magness timely appealed.

## II.

Magness argues on appeal that the district court erred in awarding prejudgment interest, costs, and attorneys' fees. In his view, this case is controlled by *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304 (1948) and our cases applying it. *E.g.*, *Leroy v. City of Houston*, 906 F.2d 1068 (5th Cir. 1990). *Briggs* held that when an appellate court's decision reinstates predetermined

---

[4] While Janvey's motion and Magness's subsequent objection were pending in the district court, Janvey moved this court to recall and modify its mandate "to clarify its scope" by explicitly authorizing the district court to grant the interest and fees challenged here. Magness opposed the motion as a belated attempt "to correct [Janvey's] own oversight and lack of diligence in pursuing his purported rights." We summarily denied the motion. Our summary denial, however, carries no probative weight in discerning the scope of our prior mandate.

[5] Because Janvey prevails here on Magness's present appeal, Janvey is entitled to all attorneys' fees that were contingent upon his success. As to the district court's grant of attorneys' fees in the event that the Supreme Court granted Magness's petition as to this court's prior judgment, Magness's argument is moot. *See GMAG*, 142 S. Ct. at 708 (denying cert). And as to the roughly $1 million the district court awarded in the event that Magness seeks and the Supreme Court grants cert following an adverse ruling from this court, that amount is to be conditioned upon Magness's success on appeal. *See D'Onofrio v. Vacation Pub'ns, Inc.*, 888 F.3d 197, 219 (5th Cir. 2018).

No. 21-10483

damages that would have been awarded but for a legal error, silence in that court's mandate as to postjudgment interest implies disallowance. 334 U.S. at 305–07. In such a case, a district court's subsequent award of postjudgment interest would exceed the mandate. *Id.* Our cases have applied *Briggs* and the Federal Rule of Appellate Procedure that codified the *Briggs* rule—Rule 37(b)—to *prejudgment* interest.[6] Because the mandate in the prior appeal of the present case made no provision for prejudgment interest (or attorneys' fees), Magness contends that the district court was not authorized to award such, and therefore it exceeded this court's mandate in doing so.

We disagree. Neither *Briggs* nor Rule 37(b) applies here given the posture of this case. Rule 37(b) only applies when our prior mandate "direct[s] that a money judgment be entered in the district court." Because our prior mandate in this case only "render[ed] judgment" for Janvey on the issue of liability—not damages—the Rule (which encapsulates *Briggs*) does not apply, so the district court was free to consider and award prejudgment interest (and attorneys' fees) as indeed it did in its ultimate resolution of the case. For this reason, we affirm.[7]

---

[6] Rule 37, entitled "Interest on Judgment," provides in full:

**(a) When the Court Affirms.** Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.

**(b) When the Court Reverses.** If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

[7] Were we writing on a blank slate, we might be persuaded to affirm for another reason: As Janvey points out, it is not clear why *Briggs* or Rule 37(b) would apply to *prejudgment* as well as postjudgment interest. Our cases do not explain why we have applied Rule 37(b) and *Briggs* to prejudgment interest in the past. *See, e.g.*, *Leroy*, 906 F.2d at 1074–75; *see also New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 605–06 & n.4 (2d Cir. 2003) (explaining the reasoning behind Rule 37(b)'s application to *postjudgment* interest

No. 21-10483

It is of no moment that our prior decision resolved the key legal issue in this case by applying the answer from the Supreme Court of Texas to our certified question. When we issued our mandate, we did not direct the entry of a money judgment. Unlike in *Briggs*, the sum to be awarded below was not a *fait accompli*. In *Briggs*, the jury had returned a verdict of $42,500 before the district court granted a motion, which it had reserved during trial, dismissing the case for lack of jurisdiction. 334 U.S. at 305. The Second Circuit reversed and directed the entry of judgment on the $42,500 jury verdict. *Id.* Having removed the legal impediment to entry of the jury's award, the Second Circuit directed the district court to enter judgment on that award, no more and no less. *Id.* at 306–07. The circumstances here are different. We rendered judgment for Janvey as to Magness's liability because, given the Texas Supreme Court's answer to our certified question, Magness did not have a valid good-faith defense under Texas law. *GMAG*, 977 F.3d at 427–31. We did not direct the district court to award damages or any particular amount; we said nothing of the matter.

The district court in this case never had the opportunity to determine the appropriate sum to award following the jury's special-verdict findings. The district court was never in a position to consider prejudgment interest and attorneys' fees. This was for the simple reason that the jury's findings led the district court to rule in Magness's favor and award Janvey "nothing."

A district court has inherent latitude to act on matters necessary to the ultimate disposition of a case following its appeal. Its discretion is constrained, however, by our mandate, which the district court must—of course—obey to a tee. But as we have noted before, when our mandate does

---

and noting that "the Fifth Circuit has, without explanation, applied Rule 37 to *prejudgment* interest as well as *postjudgment* interest" (emphases added)).

No. 21-10483

not extend to a matter still at issue in a case, the district court remains free to act. *See, e.g.*, *Barrett v. Thomas*, 809 F.2d 1151, 1154 (5th Cir. 1987) ("A district court is not precluded from acting on a matter neither before nor acted upon by the appeals court."); *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986) ("A mandate controls on all matters within its scope, but a district court on remand is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.").

When we reversed and rendered as to Magness's *liability*, the case returned to the district court for entry of judgment. "At that point, the district court [was] not limited to taking only those actions explicitly directed in our judgment and no others." *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir. 1984). Instead, after accounting for the plain terms of our mandate—which expressly rendered Magness liable for lack of a viable good-faith defense, but which did *not* direct the entry of a money judgment—the district court "should then be presumed to be free to take any other consistent actions." *Id.* at 1241. This includes ruling on damages and awarding prejudgment interest and attorneys' fees. *Cf. id.* at 1240–41 (holding that "[a]warding attorneys' fees to [a party] is not inconsistent with our instruction to enter judgment for [that party]" even when, on appeal, that party "could have requested [that we] . . . remand for the purpose of awarding attorneys' fees and costs" but did not). For this reason, the district court was free to act as it did here to resolve this case.

III.

Accordingly, the district court's judgment is AFFIRMED.